FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2018 JUL -2 PM 3:55

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

STARSTONE NATIONAL INSURANCE
COMPANY,

 Plaintiff,

v.

POLYNESIAN INN, LLC d/b/a DAYS INN
OF KISSIMMEE; ANDREW JAMES
BICKFORD; and JANE DOE, as Personal
Representative of the Estate of ZACKERY
RYAN GANOE,

 Defendants.

CASE NO.
6:18-cv-1048-ORL-31-TBS

## COMPLAINT

Plaintiff, STARSTONE NATIONAL INSURANCE COMPANY ("StarStone"), by and through undersigned counsel, sues Defendants, POLYNESIAN INN, LLC d/b/a DAYS INN OF KISSIMMEE ("Polynesian"); ANDREW JAMES BICKFORD ("Bickford"); and JANE DOE, as Personal Representative of the Estate of ZACKERY RYAN GANOE (the "Ganoe Estate") for declaratory relief, and states:

### JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based upon the diversity of citizenship of the parties and the provisions of the Federal Declaratory Judgment Act to declare the rights and obligations of the parties under certain policies of insurance.

3. The amount in controversy is in excess of this Court's minimum jurisdictional amount of $75,000.00, exclusive of interest, costs, and attorneys' fees. Underlying this case are

two bodily injury claims—one a wrongful death and the other one for grievous bodily injury—both allegedly incurred as a result of Polynesian's negligent security on its hotel premises. In addition, StoneStone is in receipt of a demand letter from Bickford related to this matter, which demands a sum far in excess of this Court's jurisdictional minimum.

4. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(a) and (b), because all of the defendants are citizens of the state of Florida and because Defendant Polynesian is located in Kissimmee, Florida, which is located in this district and division thereof.

5. All conditions precedent to the filing of this action have occurred or have been complied with.

6. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

## PARTIES

7. At all times material to this action, StarStone is and was a Delaware corporation with its principal place of business in Jersey City, New Jersey. Plaintiff StarStone is and was a citizen of Delaware and New Jersey.

8. Upon information and belief, at all times material to this action, Defendant Polynesian is and was a Florida limited liability company, with its principal place of business in Kissimmee, Florida. For purposes of diversity jurisdiction, a limited liability company is a citizen of every state in which any of its members is a citizen. *Rolling Greens MHP, L.P v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

9. At all times material hereto, Polynesian has and had one member, Wasim Ahmar. At all times material hereto, Wasim Ahmar is and was domiciled in the state of Florida. Wasim Ahmar is and was a citizen of Florida.

10. Accordingly, Polynesian is and was a citizen of Florida.

11. At all times material hereto, Defendant Andrew James Bickford is and was domiciled in the state of Florida. Andrew James Bickford is and was a citizen of Florida.

12. Where an estate is a party, the citizenship that counts for diversity purposes is that of the decedent. *Moore v. N. Am. Sports, Inc.*, 623 F.2d 1325, 1327 n.2 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(c)(2). At all times material hereto, Zackery Ryan Ganoe was domiciled in the state of Florida. Upon information and belief, the Estate of Zackery Ganoe is still in the process of being established, and the name of the personal representative is unknown. Nonetheless, because the personal representative shares the citizenship of the decedent, Jane Doe, as Personal Representative of the Estate of Zackery Ganoe, is and was a citizen of Florida.

13. Therefore, because this action is between citizens of different states and the amount in controversy requirement has been met, this Court has jurisdiction. 28 U.S.C. § 1332(a)(1).

## FACTUAL ALLEGATIONS

14. On April 11, 2017, Zackery Ganoe and Andrew Bickford were guests at the Polynesian property in Kissimmee, Florida.

15. On the morning of April 11, 2017, Mr. Bickford was allegedly coming back to the guest room he shared with Mr. Ganoe after eating breakfast.

16. Mr. Bickford was met at the door by an armed woman, Emerita Mapp, who had already stabbed Mr. Ganoe to death.

17. Ms. Mapp then slashed Mr. Bickford's throat and went through his pockets, stealing his wallet and cell phone. She then left him for dead.

18. Mr. Bickford was subsequently taken to the hospital, and is currently recovering from his injuries.

19. Ms. Mapp pleaded no-contest to first-degree murder with a weapon and attempted first-degree murder with a weapon, and is currently serving a life sentence without the possibility of parole.

20. At all times material to this action, Polynesian was insured by two relevant insurance policies—a primary general liability policy and a follow-form excess liability policy.

21. Northfield Insurance Company issued a primary commercial general liability policy to Polynesian, policy no. WS215327, with a policy period of March 23, 2017 through March 23, 2018 (the "Northfield Policy"). A copy of the Northfield Policy is attached hereto as **Exhibit "A"** and is fully incorporated herein.

22. The Northfield Policy contained limits of liability of $1 million per occurrence, subject to a $2 million aggregate.

23. However, the Northfield Policy also contained an endorsement titled "Limited Assault or Battery Liability Coverage" (the "A&B Endorsement").

24. The A&B Endorsement modifies the policy to exclude "'Bodily injury' or 'property damage' arising out of any act of 'assault' or 'battery' committed by any person, including any act or omission in connection with the prevention or suppression of such 'assault' or 'battery'."

25. The A&B Endorsement defines "assault" as "any attempt or threat to inflict injury to another including any conduct that would reasonably place another in apprehension of such injury."

- 4 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

26. The A&B Endorsement defines "battery" as "any intentional, reckless or offensive physical contact with, or any use of force against a person without his or her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended or expected."

27. After excluding assault and battery claims from coverage, the A&B Endorsement then re-adds separate coverage for assault and battery. However, this additional coverage is subject to a sublimit of $25,000 per assault and battery offense, subject to a $50,000 aggregate.

28. StarStone issued Polynesian a Following Form Excess Liability Insurance Policy, Policy No. 77238T160ALI, with a policy period of June 3, 2016 to June 3, 2017 (the "StarStone Policy"). A copy of the StarStone Policy is attached hereto as **Exhibit "B"** and is fully incorporated herein.

29. The StarStone policy provides limits of $3,000,000 per occurrence and $3,000,000 in the aggregate.

30. The StarStone Policy contains the following relevant provisions:

**SECTION I. – COVERAGE**

    A.    We will pay on behalf of the Insured the sums in excess of the Total Limits of Underlying Policies show in **Item 6.** of the Declarations that the Insured becomes legally obligated to pay as damages.

    B.    This Policy applies only to damages covered by the **Followed Policy** as shown in **Item 7.** of the Declarations. Except as otherwise provided by this Policy, the coverage follows the definitions, terms, conditions, limitations and exclusions of the **Followed Policy** in effect at the inception of this Policy.

    C.    This Policy applies only to damages arising out of any claim or of any occurrence likely to give rise to a claim, of which no **Responsible Insured** was aware prior to the Inception Date set forth in **Item 2.** of the Declarations, regardless of whether such **Responsible Insured** believed such claim or occurrence would involve the Policy.

- 5 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

  D. Notwithstanding **A.**, **B.**, and **C.** above, in no event will this Policy follow the terms, conditions, exclusions or limitations in the **Followed Policy** or provide coverage under this Policy with respect to or as a result of any of the following clauses or similar clauses in the **Followed Policy**:

  1. Liberalization clause;

  2. Crisis Management or Crisis Response endorsement; or

  3. Sublimit of liability, unless coverage for such sublimit is specifically endorsed to this Policy.

31. On April 11, 2017, the Followed Policy scheduled on the StarStone Policy was the Northfield Policy. Thus, except as otherwise limited in Section I.D of the StarStone Policy, the StarStone Policy follows the definitions, terms, conditions, limitations and exclusions of the Northfield Policy.

32. The assault and battery sublimit in the Northfield Policy was not specifically endorsed to the StarStone Policy.

## COUNT I
## DECLARATORY JUDGMENT – NORTHFIELD POLICY

33. StarStone incorporates by reference and restates paragraphs 1-32 as if fully stated herein.

34. The actions that Emerita Mapp took against Zackery Ganoe and Andrew Bickford constitute a "battery" within the meaning of the A&B Endorsement.

35. As a result, the Ganoe Estate's claims and Bickford claims against Polynesian are excluded from coverage, except insofar as they fall within the sublimit of liability.

36. An actual, present, and justiciable controversy exists between Plaintiff StarStone and Defendants Polynesian, Bickford, and the Ganoe Estate warranting the entry of a declaratory

- 6 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

judgment by this Court that the Northfield Policy only provides coverage for the Ganoe and Bickford claims pursuant to the A&B Endorsement and the sublimit.

WHEREFORE, Plaintiff, STARSTONE NATIONAL INSURANCE COMPANY, requests that this Court enter judgment in its favor, declare that the Ganoe and Bickford claims are subject to the assault and battery sublimit in the Northfield Policy, and grant any further relief the Court deems just and appropriate under the circumstances.

## COUNT II
## DECLARATORY JUDGMENT – STARSTONE POLICY

37. StarStone incorporates by reference and restates paragraphs 1-32 as if fully stated herein.

38. Coverage under the StarStone Policy is limited by Section I.D, which provides that "in no event will this Policy follow the terms, conditions, exclusions or limitations in the **Followed Policy** or provide coverage under this Policy with respect to or as a result of...[a] Sublimit of liability, unless coverage for such sublimit is specifically endorsed to this Policy."

39. The assault and battery sublimit in the Northfield Policy is not specifically endorsed in the StarStone Policy.

40. Emerita Mapp's actions on April 11, 2017 constitute a "battery" that triggers the A&B Endorsement in the Northfield Policy.

41. Because the StarStone Policy will "in no event...provide coverage" with respect to any claim that is subject to a sublimit of liability on the Followed Policy (i.e., the Northfield Policy), the StarStone Policy does not impose on StarStone a duty to indemnify Polynesian for the bodily injury claims brought by the Ganoe Estate or by Mr. Bickford.

- 7 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

42. An actual, present, and justiciable controversy exists between Plaintiff StarStone and Defendants Polynesian, Bickford, and the Ganoe Estate warranting the entry of a declaratory judgment by this Court that the StarStone Policy does not provide coverage for the Ganoe and Bickford claims, because such claims are subject to a sublimit on the Northfield Policy.

WHEREFORE, Plaintiff, STARSTONE NATIONAL INSURANCE COMPANY, requests that this Court enter judgment in its favor, declare that the StarStone Policy does not impose a duty to indemnify Polynesian for the bodily injury claims brought by the Ganoe Estate or Andrew Bickford, and grant any further relief the Court deems just and appropriate.

Dated: June 29th, 2018.

Respectfully submitted,

/S/ Rory Eric Jurman
Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Viviana Arango Loshak
Fla. Bar No. 84869
Email: vloshak@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 377-8100
Facsimile: (954) 377-8101