UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STARSTONE NATIONAL INSURANCE COMPANY,

    Plaintiff,

v.

POLYNESIAN INN, LLC d/b/a DAYS INN OF KISSIMMEE; ANDREW JAMES BICKFORD; and JANE DOE, as Personal Representative of the Estate of ZACKERY RYAN GANOE,

    Defendants.

CASE NO.:   6:18-cv-1048-ORL-31-TBS

**RESPONSE OF PLAINTIFF, STARSTONE NATIONAL INSURANCE COMPANY, TO DEFENDANT, ANDREW JAMES BICKFORD'S, MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES**

Plaintiff, STARSTONE NATIONAL INSURANCE COMPANY ("StarStone"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12 and this Court's Order [DE 34], hereby files this Response and Memorandum of Law in opposition to Defendant, ANDREW JAMES BICKFORD's ("Bickford"), Motion to Dismiss For Failure to Join Indispensable Parties (the "Motion") [D.E. 29] and in support thereof states as follows:

1.    This is an action for declaratory relief brought pursuant to 28 U.S.C. § 2201, seeking a declaration related to the rights and obligations of the parties under certain policies of insurance. Specifically, the rights and obligations between StarStone and its insured, POLYNESIAN INN, LLC d/b/a DAYS INN OF KISSIMMEE ("Polynesian"), for claims brought against Polynesian by Bickford and JANE DOE, as Personal Representative of the Estate of ZACKERY RYAN GANOE ("Ganoe").

**Factual Background**

2.     Underlying this case are two bodily injury claims—one for wrongful death and the other for bodily injury. Both claims allegedly occurred as a result of Polynesian's negligent security on its hotel premises as a result of the subject incident described below.

3.     As alleged in the Complaint, on or about April 11, 2017, Ganoe and Bickford were guests at the Polynesian property. That day, Bickford and Ganoe were assaulted and battered by Emerita Mapp, who stabbed and killed Ganoe, resulting in his death, and slashed Bickford's throat. Ms. Mapp also robbed Bickford, stealing his wallet and phone (hereinafter referred to as the "subject incident").

4.     At all times material to this action, Polynesian was insured with Northfield Insurance Company ("Northfield"), under a primary commercial general liability policy, no. WS215327 (the "Northfield Policy").

5.     The Northfield Policy contains an endorsement titled "Limited Assault or Battery Liability Coverage" (the "A&B Endorsement"), which modifies the policy to exclude "'Bodily injury' or 'property damage' arising out of any act of 'assault' or 'battery' committed by any person, including any act or omission in connection with the prevention or suppression of such 'assault' or 'battery'."

6.     After excluding assault and battery claims from coverage, the A&B Endorsement then re-adds separate coverage for assault and battery. However, this additional coverage is subject to a sublimit of $25,000 per assault and battery offense, subject to a $50,000 aggregate.

7.     At the time of the subject incident, StarStone insured Polynesian under a Follow Form Excess Liability Insurance Policy, No. 77238T160ALI (the "StarStone Policy").

- 2 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

8. The StarStone Policy states: in "no event will this Policy follow the terms, conditions, exclusions or limitations in the **Followed Policy** or provide coverage under this Policy with respect to or as a result of any of the following clauses or similar clauses in the **Followed Policy**: . . . 3. Sublimit of liability, unless coverage for such sublimit is specifically endorsed to this Policy." The assault and battery sublimit in the Northfield Policy was not specifically endorsed to the StarStone Policy.

9. On or about May 24, 2018, Bickford sent correspondence to Polynesian demanding payment for damages allegedly caused by the subject incident.

### Bickford's Motion to Dismiss

10. On September 21, 2018, Bickford filed his Motion to Dismiss for Failure to Join Indispensable Parties. *See* [D.E. 29].

11. In the Motion, Bickford alleges that StarStone failed to join indispensable parties to the action. Specifically, Bickford alleges StarStone's failed to join three additional insureds, under the Northfield policy, *i.e.*, Days Inns Worldwide, Inc., Wyndham Worldwide Corp., and Wyndham Hotel Group, LLC (referred to collectively as the "Additional Insureds" or "AIs").

12. Bickford asserts that he "will be filing a tort suit" against the Additional Insureds; however, Bickford fails to state what, if any, claims he allegedly has against the Additional Insureds, or that he has made any demands or even corresponded with these parties.

13. Moreover, Bickford alleges that StarStone failed to join the Additional Insureds as a "desire to preserve diversity jurisdiction," which is misleading, unfounded, not to mention wholly irrelevant.

14. As explained in more depth below, the AIs are not indispensable parties under Rule 19. First, the Additional Insureds are not covered under the policy with respect to any claims

- 3 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

arising out of the subject incident. Second, even if they were covered, Bickford's allegations are unsubstantiated, as he has not provided any evidentiary support that he has made a claim against these entities, and will file suit against the Additional Insureds. Finally, Bickford's allegations of StarStone's motives are not only irrelevant, but have no factual merit or support. To the contrary, the only party with ill motives is Bickford as he purports to have a claim against three entities, whose inclusion would allegedly destroy diversity, yet provides any proof of same.

15.     Accordingly, Bickford's Motion to Dismiss for Failure to Join Indispensable Parties must be denied.

## MEMORANDUM OF LAW

### A.     Standard on Motion to Dismiss

"Rule 12(b)(7) provides that courts may dismiss suits where the plaintiff fails to join an indispensable party and the defendant raises the defense by motion. To determine whether a court should dismiss an action for failure to join an indispensable party, courts apply the criteria set forth in Federal Rule of Civil Procedure 19." *Barow v. OM Fin. Life Ins. Co.*, No. 8:11-CV-00159-T-33, 2011 WL 2649987, at *1 (M.D. Fla. July 6, 2011) (citing *Challenge Homes, Inc. v. Greater Naples Care Center, Inc.,* 669 F.2d 667, 669 (11th Cir.1982)). "**The burden is on the party raising the defense to show that the person who was not joined is needed for a just adjudication**." *Barow v. OM Fin. Life Ins. Co.*, No. 8:11-CV-00159-T-33, 2011 WL 2649987, at *1 (M.D. Fla. July 6, 2011) (citing *Am. Gen. Life & Accident Ins. Co. v. Wood,* 429 F.3d 83, 92 (4th Cir.2005))(/emphasis supplied).

### B.     StarStone Has Adequately Pleaded a Claim For Declaratory Relief

While not raised in Bickford's Motion, it is worth noting that StarStone has adequately pleaded a claim for declaratory relief.

- 4 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

In submitting a motion to dismiss, the moving party, here, Bickford, has the burden to demonstrate that Plaintiff has not properly stated a claim for declaratory relief. *See Principal Life Ins. Co. v. Alvarez*, No. 11-21956-CIV, 2011 U.S. Dist. LEXIS 103968, at *17 (S.D. Fla. Sept. 14, 2011); *Larsen v. AirTran Airways, Inc.*, 2007 U.S. Dist. LEXIS 58601, at *7 (M.D. Fla. Aug. 10, 2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "In construing the allegations in the complaint, the Court must accept such allegations as true, and view them in a light most favorable to the plaintiff." *Isola Condo. Ass'n*, 2008 U.S. Dist. LEXIS 101165 at *4.

"A motion to dismiss a complaint for a declaratory judgment is not a motion on the merits. [Rather], [i]t is a motion only to determine whether the plaintiff is entitled to a declaration of rights, not whether it is entitled to a declaration in its favor." *Parr v. Maesbury Homes, Inc.*, No. 6:09–cv–1268–Orl–19GJK, 2009 WL 5171770, at *3 (M.D.Fla. Dec. 22, 2009) (citing *Keen v. Fla. Sheriff's Self–Ins. Fund*, 845 So.2d 844, 845 (Fla. 4th DCA 2003)). A request for declaratory judgment is properly pled where it is alleged that: (1) there is a bona fide dispute between the parties; (2) the plaintiff has a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may depend; (3) the plaintiff is in doubt as to the right, status, immunity, power or privilege; and (4) there is a bona fide, actual, present need for the declaration. *Romo v. Amedex Ins. Co.*, 930 So.2d 643, 648 (Fla. 3d DCA 2006); *see also Smith v. City of Fort Myers*, 898 So.2d 1177, 1178 (Fla. 2d DCA 2005)("In determining the sufficiency

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

of a complaint for declaratory judgment, the question is whether the plaintiff is entitled to a declaration of rights, not whether the plaintiff will prevail in obtaining the decree he or she seeks."). StarStone has properly pled its complaint, as is evident by the four corners thereof.

### C. The Assault And Battery Endorsement Does Not Provide Coverage For Additional Insureds

In the Motion to Dismiss, Bickford alleges that the Additional Insureds are indispensable parties because they are additional insureds under the Northfield policy to which the StarStone policy follows form. However, the Additional Insureds are neither covered under the policies nor have they sought coverage. Proper parties to declaratory judgment actions are those whom would be affected by the outcome of the litigation, but the AIs rights would be wholly unaffected. **Notably, as the moving party, Bickford bears the burden of proving that the AIs are in fact covered; a burden that has clearly not been met.**

The Northfield Policy states, in pertinent part:

**LIMITED ASSAULT OR BATTERY LIABILITY COVERAGE**

\*\*\*

> 6. The following is added to **SECTION II – WHO IS AN INSURED**:
>
> **None of the following** is an insured for "bodily injury", "property damage" or "personal and advertising injury" caused by an "assault or battery offense":
>
> \*\*\*
>
> b. Any person or organization that has been added to your policy as an additional insured, or any employee, leased worker, agent, representative or volunteer worker of such person or organization.

*See* Northfield Policy [DE 1-2] at pp. 65-68. The StarStone Policy states in pertinent part:

**FOLLOWING FORM EXCESS LIABILITY INSURANCE POLICY**

- 6 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

\*\*\*

> The word Insured means any person or organization qualifying as such in the Followed Policy but only to the extent which such Insured qualifies for coverage in the Followed Policy.

*See* StarStone Policy [DE 1-3] at 6.

As indicated above, the Northfield Policy excludes coverage under the Assault and Battery Endorsement for additional insureds. The StarStone Policy mirrors the coverage provided to an additional insured under the Northfield Policy. As a result, neither the Northfield nor the StarStone policies provide coverage for additional insureds for assault and battery. **Therefore, regardless of this Court's determination of coverage, the Additional Insureds will not be affected by the outcome of this case as they are not covered in any event. Even more, there is no dispute or controversy that the AIs are covered as no such claim has been made by any of the AIs. Thus, the predicate for Bickford's argument simply does not exist. Bickford's Motion to Dismiss must consequently be denied.**

    D.    <u>**The Additional Insured Endorsement Limits the Scope of Coverage To Liability As A Grantor Of A Franchise**</u>

Even in the unlikely event that the Assault and Battery Endorsement were found to be inapplicable, none of the claims at issue fall within the scope of coverage afforded to additional insureds under the Northfield and StarStone policies. The Northfield Policy provides, in relevant part, as follows:

**ADDITIONAL INSURED – GRANTOR OF FRANCHISE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Name of Person or Organization:**

- 7 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

>Days Inn Worldwide, Inc.; Wyndham Worldwide Corp.; Wynham Hotel Group, LLC
>
>\*\*\*
>
>WHO IS AN INSURED (Section II) is amended to include as an insured the person(s) or organization(s) shown in the Schedule, **but only with respect to their liability as grantor of a franchise to you.**

*See* Northfield Policy [DE 1-2] at p. 76. As stated above, the StarStone Policy mirrors the coverage provided to an additional insured under the Northfield Policy. *See* StarStone Policy [DE 1-3] at 6.

Here, notwithstanding the exclusion for assault and battery, the Additional Insureds are only covered with respect to any claims regarding their status as the grantor of a franchise. Bickford has failed to show any evidence of a valid (or even asserted) claim against these Additional Insureds and the basis, assuming one exists, for liability against them. Again, as the moving party, Bickford bears this burden, but has failed to carry it. Bickford's Motion must therefore be denied.

### E.   The Additional Insureds Are Not Indispensable Parties

Under Rule 19, whether a party is indispensable requires a determination regarding whether the absent party is necessary to the litigation. If so, the court must determine whether the absent party can be joined in the litigation. If joinder is infeasible, the court must determine whether the lawsuit can nevertheless proceed "in equity and good conscience." FED. R. CIV. P. 19; *see also W. Md. Ry. Co. v. Harbor Ins. Co.*, 910 F.2d 960 (D.C. Cir. 1990). In short, the Court must answer three questions in sequence: (1) Is the absentee's presence necessary; (2) If the absentee's presence is necessary, is joinder feasible; and (3) If the absentee's joinder is not feasible, is the absentee indispensable? *Id.* The applicable parts of Rule 19 read as follows:

>(a) Persons Required to Be Joined if Feasible.

- 8 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

    (1) ***Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

      (A) in that person's absence, the court cannot accord complete relief among existing parties; or

      (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

        (i) as a practical matter impair or impede the person's ability to protect the interest; or

        (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a). If a necessary party cannot feasibly be joined to the action that a court moves into Rule 19(b) territory, which states:

    (b) **When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to considered include:

    (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

    (2) the extent to which any prejudice could be lessened or avoided by:

      (A) protective provisions in the judgment;

      (B) shaping the relief; or

      (C) other measures;

    (3) whether a judgment rendered in the person's absence would be adequate; and

    (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

FED. R. CIV. P. 19(b). Put simply, "[f]irst the court must ascertain under the standard of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot (because for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue." *Gov't Employees Ins. Co. v. KJ Chiropractic Center, LLC*, No. 6:12-cv-1138-Orl-36DAB, 2013 WL 12155947 *1, *9 (M.D. Fla. 2013) (quoting *Focus on Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003)). This is a fact-specific inquiry that can only be determined in the context of particular litigation. *Provident Tradesmen's Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968).

The Additional Insureds are not "indispensable" under Rule 19, as the court can accord complete relief among the existing parties, litigation would not prejudice the parties, and the judgment rendered would be adequate. Moreover, Additional Insureds are specifically excluded from coverage under the Assault and Battery Endorsement and the claims at issue are outside the scope of coverage afforded under the Additional Insured Endorsement. In addition, Bickford has failed to meet his burden as the allegations raised in his Motion to Dismiss are unsubstantiated and lack any evidentiary support or merit.

### (1)     *The Additional Insureds are not Necessary Parties*

First, this Court must examine whether the Additional Insureds are necessary parties to this action. In deciding whether a party is necessary, the court must determine, under Rule 19(a), whether complete relief cannot be granted among the existing parties or whether the absent party has a legally protected interest that might be impeded if the case proceeds in his absence or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise

- 10 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

inconsistent obligations because of the interest. *See Barow v. OM Fin. Life Ins. Co.*, No. 8:11-CV-00159-T-33, 2011 WL 2649987, at *1, *2 (M.D. Fla. July 6, 2011).

Here, complete relief can be granted among the existing parties. StarStone's Complaint seeks declaratory relief regarding its rights and obligations to its named insured, Polynesian, regarding the applicability of the StarStone Policy's sublimit exclusion to the Northfield Policy's Assault and Battery Endorsement, arising out the subject incident. StarStone has filed suit against all the necessary parties, those who would gain or lose from the outcome of this action *i.e.*, its insured, Polynesian and the injured claimants, Bickford and Ganoe. Under Rule 19(a), the court must consider whether the absent party claims an interest relating to the subject action. The Additional Insureds have no "dog in this fight," as they have no interest in this lawsuit and are not covered under the policies, as discussed above. None of the Additional Insureds have even notified or contacted StarStone of an interest in this action or demanded coverage under the Northfield or StarStone policies. In fact, it appears that, other than Bickford's questionable and unsupported assertion that he may one day in the future file suit against these entities, there is no evidence that any such claims have been asserted, or even can be asserted.

### (2) *Joinder is Not Feasible and the AIs are not Indispensable*

As clearly presented above, the Additional Insureds are not necessary parties to this litigation. Even assuming *arguendo* that they are, joinder of the Additional Insureds as defendants is not feasible as their joinder would destroy this court's diversity jurisdiction. Thus, this Court must determine whether the Additional Insureds are "indispensable" under Rule 19(b), considering: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether

- 11 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

As to (1) and (2), a judgment in this action would not prejudice the Additional Insureds or existing parties. As stated above, notwithstanding the lack of coverage for sublimits, additional insureds are not afforded coverage for assault and battery under the policies. In addition, the Additional Insured Endorsement limits the coverage afforded to liability as grantor of a franchise, which has not been alleged. As to (3), a judgment rendered in the absence of the Additional Insureds would be adequate, as the Additional Insured are neither covered nor have they sought coverage in any form. As to (4), Plaintiff would not have an adequate remedy if the action was dismissed for nonjoinder. Plaintiff has sought relief from this Court under 28 U.S.C. §2201, regarding the rights and obligations between the parties. Dismissal of this action would prejudice Plaintiff and its right to bring said action in the present forum.

Accordingly, Bickford's Motion must be denied.

### (3) *Bickford Fails To Provide Any Evidentiary or Legal Support That The Additional Insureds Are Indispensable Parties.*

Under Rule 19, "the burden is on the party raising the defense to show that the person who was not joined is needed for a just adjudication." *See Barow v. OM Fin. Life Ins. Co.*, No. 8:11-CV-00159-T-33, 2011 WL 2649987, at *1 (M.D. Fla. July 6, 2011). Here, Bickford bases his Motion on the assertion that he expects to file suit against the Additional Insureds; however, Bickford's allegations are unsubstantiated, as he has not provided any evidentiary support that he will file suit against the Additional Insureds, or even that he has made a demand, claim or even a communication to the Additional Insureds. Bickford has further failed to provide any support as to why he would have a valid claim against these entities or how these entities are involved in the

- 12 -

Fowler White Burnett P.A. • One Financial Plaza, Suite 2100, 100 Southeast Third Avenue, Fort Lauderdale, FL 33394• (954) 377-8100

subject incident. Bickford is essentially asking the Court to take his word that he will pursue a claim against the Additional Insureds at some future time without any support in law or fact. While Bickford claims that StarStone has intentionally omitted the Additional Insureds from this litigation in order to achieve federal diversity jurisdiction, it appears the only party with ill motive is Bickford. Bickford seeks dismissal due to the failure to add the Additional Insureds, whom are not covered, and whose joinder conveniently will defeat diversity jurisdiction.

Bickford fails to provide a single case supporting his contention that the Additional Insureds are indispensable parties. While he cites to *Ranger Ins. Co. v. United Housing of New Mexico*, 488 F.2d 682 (5th Cir. 1974), it is factually distinguishable to the present case. In *Ranger*, the purported indispensable parties were the underlying claimants, not purported additional insureds. Similarly, Bickford cites to *American Safety Cas. Ins. Co. v. Candor Associates, Ltd.*, 129 Fed. Appx. 540 (11th Cir. Fla. 2005), which held that the underlying plaintiffs were indispensable. Like in *Ranger*, the "indispensable parties" in *Candor* are the plaintiffs seeking damages in an underlying claim for injuries against the carrier's insured. Here, StarStone's declaratory judgment action includes its insured, Polynesian and the injured parties, *i.e.*, Bickford and the Estate of Ganoe. Bickford also cites to *Ethicon, Inc. v. Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998), which simply is not applicable to the present case, as it applies substantive patent law, specifically, section 262 of the Patent Act, in its discussion of joining parties to the lawsuit.

    F.    **Even If This Court Finds That The Additional Insureds Are Indispensable Parties, Dismissal Is Not Required**

Rule 19, gives the court flexibility to allow an action to go forward without a party when no prejudice would result either to the existing parties or the absentee party and effective relief

- 13 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

can be granted. *Barow v. OM Financial Life Ins. Co.*, 2011 WL 2649987 *1, *2 (M.D. Fla. 2011). In *Provident Tradesmen Bank & Trust Co. v. Patterson*, the Supreme Court noted: "[t]o say that a court 'must' dismiss in the absence of an indispensable party and that it 'cannot proceed' without him puts the matter the wrong way around: a court does not know whether a particular person is 'indispensable' until it had examined the situation to determine whether it can proceed without him." *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 (1968). *Provident* involved a declaratory judgment action to which an insured was not a party. The Supreme Court held that where an insured's interest in claims against his insurer was affected by the action, but it was not feasible to join him as a defendant because such joinder would have destroyed diversity jurisdiction, he did not have an absolute, substantive right, unaffected by federal rules, to be joined and thus was not an indispensable party whose nonjoinder required dismissal of action. *See Provident Tradesmens Bank & Tr. Co.*, 390 U.S. 102.

In the present case, this Honorable Court must look at the reasoning and conclusions of the Supreme Court which stated that: "if the case may be completely decided as between the litigant parties, the circumstance that an interest exists in some other person, whom the Court cannot reach ought not to prevent a decree upon its merits." *Id.* Indeed, in the present case the Court can completely decide the merits of the case between the parties currently present in the action. In conclusion, there is no coverage for the Additional Insureds for the subject incident, the Additional Insureds have not sought coverage for the subject incident, and Bickford has not made any claims against the Additional Insureds or provided any factual or legal support that he could have viable claims against these entities.

- 14 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO. 6:18-cv-1048-ORL-31-TBS

WHEREFORE, Plaintiff, STARSTONE NATIONAL INSURANCE COMPANY, respectfully requests this Count enter an order denying Defendant, ANDREW JAMES BICKFORD's Motion to Dismiss, along with all such other relief this Court deems just and proper under the circumstances.

Date: October 10, 2018

                                                Respectfully submitted,

                                                s/Rory Eric Jurman
                                                Rory Eric Jurman
                                                Fla. Bar No. 194646
                                                Email: rjurman@fowler-white.com

                                                Viviana Arango Loshak
                                                Fla. Bar No. 84869
                                                Email: vloshak@fowler-white.com

                                                FOWLER WHITE BURNETT, P.A.
                                                One Financial Plaza, Suite 2100
                                                100 Southeast Third Avenue
                                                Fort Lauderdale, Florida 33394
                                                Telephone:   (954) 377-8100
                                                Facsimile:    (954) 377-8101

- 15 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO. 6:18-cv-1048-ORL-31-TBS

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2018, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Rory Eric Jurman
Rory Eric Jurman

- 16 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO. 6:18-cv-1048-ORL-31-TBS

- 17 -

**SERVICE LIST**
**CASE NO. 6:18-cv-1048-ORL-31-TBS**

Todd R. Falzone, Esq.
Kelley Uustal, PLC
Kelley Uustal Courthouse Law Plaza
700 SE 3rd Avenue, Suite 300
Fort Lauderdale, FL 33316
E-Mail: trf@kulegal.com
Telephone: (954) 522-6601
Facsimile: (954) 522-6608
***Attorney for Counsel for Andrew Bickford***

Gregory D. Smartwood, Esq.
The Nation Law Firm
570 Crown Oak Centre Drive
Longwood, FL 32750
E-Mail: gswartwood@nationlaw.com
Telephone: (407) 337-1104
Facsimile: (407) 339-1118
***Attorney for Polynesian Inn, LLC DBA Days Inn of Kissimmee***

Mark A. Nation, Esq.
The Nation Law Firm
570 Crown Oak Centre Drive
Longwood, FL 32750
E-Mail: mnation@nationlaw.com
Telephone: (407) 337-1104
Facsimile: (407) 339-1118
***Attorney for Polynesian Inn, LLC DBA Days Inn of Kissimmee***

- 17 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100