UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STARSTONE NATIONAL INSURANCE COMPANY,   CASE NO. 6:18-cv-1048-ORL-31-TBS

      Plaintiff,

v.

POLYNESIAN INN, LLC d/b/a DAYS INN OF KISSIMMEE; ANDREW JAMES BICKFORD; and JANE DOE, as Personal Representative of the Estate of ZACKERY RYAN GANOE,

      Defendants.
_____/

**DEFENDANT, ANDREW JAMES BICKFORD'S REPLY TO THE PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTY**

Defendant, ANDREW JAMES BICKFORD, by and through his undersigned attorneys, hereby files his Reply to the Plaintiff, STARSTONE NATIONAL INSURANCE COMPANY'S Response to Defendant, ANDREW JAMES BICKFORD's Motion to Dismiss for Failure to Join Indispensable Parties, as follows:

This Court should reject Plaintiff StarStone's contentions in its Response to the Motion to Dismiss [DE 35]. Were Plaintiff to have its way, this Court would be improperly ruling on the merits of this declaratory action as applied to prospective parties not yet before this Court to resolve the Motion to Dismiss. The additional insureds—named in the insurance policies at issue but not in Plaintiff's Complaint—are indispensable parties. Since the additional insureds will be affected by the outcome of this case, <u>they</u> are entitled to be heard on <u>their</u> position as to whether coverage

exists, whether it applies to them, and what its scope is.

## Introduction

Unsurprisingly, federal courts directly addressing the specific issue at hand have consistently found that additional insureds are indispensable parties to declaratory relief actions seeking coverage determinations. A judgment in a declaratory relief action on a policy will likely have far-reaching effects on them. Here, the proper inquiry for this Court to undertake is, "Do the additional insureds have an interest that would be affected by the Court's resolution of the instant matter?" With the question properly framed, the obvious answer is "yes," leading to the conclusion that the additional insureds Plaintiff StarStone omitted from this action are interested, necessary, indispensable defendants to this action.

On April 11, 2017, Mr. Bickford and Mr. Ganoe were guests at the Days Inn hotel located at 2930 Polynesian Isle, Blvd, Kissimmee, Florida, a franchised location owned by named insured Polynesian Inn, LLC. That day, both were brutally assaulted on the property. The assailant killed Mr. Ganoe and slashed Mr. Bickford's throat. Plaintiff StarStone denied insurance coverage for the event in response to Mr. Bickford's demand, then filed this declaratory action.

Plaintiff StarStone insured multiple entities under a Follow Form Excess Liability Policy above a primary Northfield General Liability Policy. As such, those insured through the Northfield policy would also be insured through the StarStone policy. The Northfield insurance policy names Polynesian Inn, LLC as an insured and names the following entities, <u>all with primary business addresses non-diverse as to Plaintiff StarStone expressly recited in StarStone's subject policy</u>, as additional insureds:  Days Inns Worldwide, Inc., Wyndham Worldwide Corp., and Wyndham Hotel Group, LLC.  Exhibit A of Plaintiff's Complaint at 76, 84-85. Defendant Bickford will be naming these three entities as defendants along with Polynesian Inn, LLC in his imminent tort suit,

and upon doing so will notify this Court via a Notice of Pendency of Related Action pursuant to LR 1.04(d).

Notably, the policy lists additional insured Wyndham Hotel Group, LLC's "**covered location**" as **the subject incident's location**, 2930 Polynesian Isle, Blvd, Kissimmee, Florida. Exhibit A of Plaintiff's Complaint at 84.

The determination of whether an entity is an indispensable party does not hinge on whether a claim against that party would be successful in an underlying liability lawsuit or in a declaratory action, especially on a motion to dismiss at the initial pleading stage of a lawsuit. It is thus inconsequential that Plaintiff believes it will succeed in this declaratory action, and that Mr. Bickford and the Estate of Mr. Ganoe have not filed a lawsuit in connection with the assault yet. Further, the exact nature of the relationship between the additional insureds, the named insured, and the subject property, and the communications/controls regarding security measures among the named and additional insureds, are all unclear until discovery is conducted in the tort action. In its Response to the Motion to Dismiss, Plaintiff prematurely presumes the merits of all these issues resolve in Plaintiff's favor.

The crux of the matter is that by refusing to join and opposing the joinder of the additional insureds to the instant lawsuit, Plaintiff asks this Court to deny these entities the opportunity to be heard when their absence very well may prejudice them, and does so in a transparent attempt to manufacture diversity jurisdiction, given these parties' clearly non-diverse principal address reflected in StarStone's own policy here at issue. Should the Court find no coverage for the tragic incident involving Mr. Bickford and Mr. Ganoe, the rights of the un-joined additional insureds would be affected and prejudiced, as they would be required to defend any suit by Mr. Ganoe's Estate and Mr. Bickford at their own expense and could be called upon to pay all or a portion of

any judgment obtained by Mr. Ganoe's Estate and Mr. Bickford. See F. R. Civ. P. 19(a)-(b). Or, as is more likely, they will re-litigate these same coverage issues in their own declaratory judgment action or breach of contract action against StarStone. Therefore, the Court should dismiss StarStone's Complaint for failure to join them.

**Argument**

Federal courts that have directly analyzed the issue have consistently held that additional insureds are indispensable parties to declaratory relief actions for coverage determinations, regardless of whether they have yet been sued in the underlying liability action (though in the present case the additional insureds most assuredly will be sued).[1] *PW Shoe Lofts LP v. State Auto Property and Cas. Ins.,* No. 4:10CV02241 AGF, 2011 WL 2295068, at *3 (E.D. Mo. June 7, 2011). In *PW Shoe,* the plaintiff brought a state court declaratory relief action against its insurance company seeking a determination of whether the insurer was obligated to cover a particular loss. *Id.* at 2. The insurance company sought to remove the case to federal court arguing that one of the parties in the declaratory relief action (an additional insured) was only joined to defeat diversity jurisdiction, and was not truly an interested party. *Id.*

In furtherance of this contention, the defendant referenced the plaintiff's petition, which specifically mentioned that it was not pursuing a claim against the additional insureds, but was only adding them because they were interested parties. *Id.* at 3. The court found that even in this situation, the additional insured "has an interest which would be affected by this declaratory relief

---

[1] Defendant Bickford's Motion to Dismiss cites 11th Circuit authority showing that all potential tort claimants are indispensable parties to a declaratory judgment action concerning potential coverage for the incident giving rise to claims, even if their presence destroys diversity. *Ranger Ins. Co. v. United Housing of New Mexico, Inc.*, 488 F. 2d 682, 682-84 (5th Cir. 1974); *American Safety Cas. Ins. Co. v. Condor Associates, Ltd.*, 129 Fed. Appx. 540 (11th Cir. 2005). Additional insureds expressly named in a subject policy and likely to be named in the underlying tort claim have an even *greater* interest in the outcome of the coverage litigation, and cannot logically have any *less* an interest, that the potential tort claimants.

action **because it is listed as an *additional insured* under the [policy]**." *Id.* (emphasis added). *See also, Frank's International, LLC v. National Union Fire Ins. Co. of Pittsburgh, PA,* No. 16-525-JJB-RLB, 2016 WL 7242565, at * 4 (M.D. La. Nov. 15, 2016) (additional insured was properly joined in declaratory relief action despite not being sued in underlying state court suit and despite its joinder destroying complete diversity).

A Rhode Island federal court explained why this rule is necessary and prudent. *Peerless Ins. Co., v. Philadelphia Ins. Co.,* C.A. No. 12–906–ML, 2013 WL 3968167, * 3 (D.R.I. July 31, 2013). In *Peerless,* an insurance company sought declaratory relief in state court to determine whether it had a duty to defend a lawsuit. *Id.* at 1. Another insurance company then removed the case to federal court arguing that the additional insureds were added to the lawsuit for the improper purpose of defeating diversity jurisdiction. *Id.* In support of this argument, the insurance company noted that the additional insureds were 1) not named in the original complaint; and 2) the declaratory relief action did not pertain to the additional insureds. *Id.* at *2.

In response to these argument, the court cautioned that if the additional insureds were not joined in the action for declaratory relief, the declaratory judgment would not have a binding effect on them. *Id.* at *3. The court then highlighted the importance of having all necessary parties brought into the declaratory relief action, and explained why the named insured's presence in the action does not suffice to protect the interests of the additional insureds:

> There is a finite amount of insurance available under the [underlying policy] . . . . Thus, each dollar spent to resolve one claim results in one dollar less being available for another claim. Both the [named insured] and the [additional insured] have an interest in maximizing the amount of insurance coverage available to them under the policy.

*Id.* The court further noted that the party opposing joinder in a case like this "**turns a blind eye to the ramifications**" of not joining the additional insureds, and that joinder of the additional insureds was necessary. *Id.* (Emphasis added).

In the instant case, just as in *Peerless,* Plaintiff is "turning a blind eye to the ramifications" on the unjoined additional insureds and on the courts from this Court's potential resolution of this matter without the additional insureds present. The unjoined additional insureds here have an equal, but separate and distinct, interest in the outcome of this case. For example, as previously mentioned, the followed policy that is primary to Plaintiff StarStone's excess policy lists the location where Mr. Bickford was nearly killed as a "**covered location**" for unjoined additional insured Wyndham Hotel Group, LLC. Clearly, this entity played a role at the property during the applicable policy period, may be found liable to Mr. Bickford for the assault, and has a vested interest in the Court's resolution of the declaratory relief action as to liability coverage potentially available to it.

Here, as in *Frank's International* and *Peerless,* Plaintiff incorrectly focuses its Response [DE 35] on Mr. Bickford's lack of filing claims against the additional insureds as of yet. But, as the district courts held in *Frank's International* and *Peerless,* a party's failure to file a state court claim against additional insureds is not determinative of whether they are interested parties to a declaratory relief action concerning potentially available coverage. While Mr. Bickford has not yet commenced his personal injury action and thus has not conducted the necessary discovery to fully explore the support for his claims against the additional insureds, he will be doing so. Accordingly, the un-joined additional insureds should be made a party to any declaratory action concerning coverage potentially applicable to Mr. Bickford's and the Estate of Ganoe's claims.

Failure to join the additional insureds to this action is likely to result in the Court making a determination that does not grant complete relief as to all interested and affected parties, foreordaining the unnecessary and duplicative waste of judicial resources when the inevitable second declaratory judgment is filed. Without the additional insureds at the table in a declaratory

action on the merits of the coverage issues raised by Plaintiff StarStone and the Defendants here, further litigation is all but assured, regardless of how this Court rules. Mr. Bickford therefore respectfully requests that this Honorable Court find that the additional insureds are interested parties, and that Plaintiff's Complaint must be dismissed for failure to join them.

WHEREFORE, Defendant, ANDREW JAMES BICKFORD, respectfully requests that this Honorable Court grant Defendant's Motion to Dismiss for Failure to Join Indispensable Parties and grant such other and further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 24, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Rory Eric Jurman, Esquire; Vivian Arango Loshak, Esquire; Steven S. Cula, Esquire, Fowler White Burnett, P.A., One Financial Plaza, Suite 2100, 100 Southeast Third Avenue, Fort Lauderdale, FL 33394 (rjurman@fowlerwhite. com; vloshak@fowler-white.com; scula@fowler-white.com); Scott Busby, Esquire, Busby Negin, 8200 Roberts Drive, Suite 201, Atlanta, GA 30350 (busby@busbynegin.com); Gregory D. Swartwood, Esquire and Mark A. Nation, Esquire, The Nation Law Firm, LLP, 570 Crown Oak Centre Drive, Longwood, FL 32750. mnation@nationlaw.com and gswartwood@nationlaw.com.

        **Respectfully Submitted,**

        **Busby Negin, Inc.**
        Attorneys for Defendant Andrew J. Bickford
        8200 Roberts Drive, Suite 201
        Telephone: (470)275-3042
        Facsimile: (470)275-3042
        Busby@busbnegin.com

        BY: /s/ Scott Busby
        SCOTT BUSBY
        Florida Bar No: 857254

**Kelley Uustal PLC**
Attorneys for Defendant Andrew J. Bickford
500 North Federal Highway, Suite 200
Fort Lauderdale, Florida 33301
Telephone: (954) 522-6601
Facsimile: (954) 522-6608
trf@kulaw.com
kdr@kulaw.com

By: /s/ Todd R. Falzone
TODD R. FALZONE
Florida Bar No. 0975184
KARINA D. RODRIGUES
Florida Bar No. 112713