**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STARSTONE NATIONAL INSURANCE COMPANY,**

        **Plaintiff,**

**v.**                               Case No:   6:18-cv-1048-Orl-31TBS

**POLYNESIAN INN, LLC, ANDREW JAMES BICKFORD and JANE DOE, as personal representative of the estate of Zackery Ryan Ganoe,**

        **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 29) filed by Defendant Andrew James Bickford (henceforth, "Bickford"), the response in opposition (Doc. 35) filed by the Plaintiff, Starstone National Insurance Company ("Starstone"), and Bickford's reply (Doc. 39).

This is an insurance coverage dispute. According to the allegations of the Complaint (Doc. 1), on April 11, 2017, Bickford and Zackery Ryan Ganoe ("Ganoe") were attacked on the premises of a Florida hotel owned by Defendant Polynesian Inn, LLC (the "Polynesian"). Ganoe was murdered, and Bickford was stabbed and left for dead but survived. The Polynesian had two insurance policies in effect when the attack occurred: a primary commercial general liability policy issued by Northfield Insurance Company (the "Northfield CGL Policy") and a Follow Form Excess Liability Insurance Policy (the "Follow Form Policy") issued by the Plaintiff, Starstone

National Insurance ("Starstone"). On July 2, 2018, Starstone filed this suit, seeking a declaration that the Follow Form Policy does not provide coverage for the attacks on Bickford and Ganoe.[1]

Bickford seeks dismissal of the Complaint on the grounds that Starstone has failed to join three entities that are additional named insureds under the Northfield CGL Policy – Days Inn Worldwide, Inc., Wyndham Worldwide Corp., and Wyndham Hotel Group. (Doc. 29 at 2). Bickford contends that he will be filing a tort suit against all three of these entities, as well as the Polynesian., and a determination in this matter that the Northfield CGL Policy provides only limited coverage for assault and battery claims would harm them in that future litigation. He suggests that Starstone failed to include these entities as defendants in this suit for declaratory relief because they, like Starstone, reside in New Jersey, and their inclusion would destroy the Court's diversity jurisdiction.

Rule 19 of the Federal Rules of Civil Procedure governs joinder of indispensable parties. It provides in pertinent part that

> (a) Persons Required to Be Joined if Feasible.
>
> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or

---

[1] In simple terms, Starstone contends (1) that its policy does not provide coverage where the underlying policy has what is known as a "sublimit of liability," and (2) the Northfield CGL Policy has such a sublimit on liability in regard to assault and battery claims

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a). It seems unlikely that any of the three additional named insureds even qualify as required parties to this dispute. Their absence is no barrier to the Court affording complete relief among the existing parties by interpreting the limits of the Follow Form Policy. And so far as the record discloses, none of the three have claimed any interest in either of the policies here.

However, this issue is moot because, as Starstone points out in its response to the instant motion, the Northfield CGL Policy provides only limited coverage for the three additional named insureds. Specifically, the Northfield CGL Policy provides that Days Inn Worldwide, Inc., Wyndham Worldwide Corp., and Wyndham Hotel Group are insured "only with respect to their liability as grantor of a franchise" to the Polynesian. (Doc. 1-2 at 76). In his reply, Bickford does not even argue that the claim or claims he intends to assert would fit within this limitation.

Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 29) filed by Defendant Andrew James Bickford is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 17, 2018.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE