UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STARSTONE NATIONAL INSURANCE     CASE NO.  6:18-cv-1048-ORL-31-TBS
COMPANY,

         Plaintiff,

v.

POLYNESIAN INN, LLC d/b/a DAYS INN
OF KISSIMMEE; ANDREW JAMES
BICKFORD; and JANE DOE, as Personal
Representative of the Estate of
ZACKERY RYAN GANOE,

         Defendants.
_____/

## DEFENDANT, ANDREW JAMES BICKFORD'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF STARSTONE NATIONAL INSURANCE COMPANY'S, COMPLAINT

COMES NOW, the Defendant, ANDREW BICKFORD, by and through his undersigned counsel, and hereby files this Amended Answer and Defenses to the Complaint as follows:

## JURISDICTION AND VENUE

1. Admitted only that Plaintiff is seeking declaratory relief. Denied that Plaintiff is entitled to the relief. All other allegations of this paragraph are denied.

2. Admitted, for jurisdictional purposes only, that this Court has jurisdiction. All other allegation of this paragraph are denied.

3. Admitted, for jurisdictional purposes only, that this Court jurisdiction. Also admitted that Defendants, ANDREW JAMES BICKFORD and/or Jane Doe as Personal

Representative of the Estate of Zackery Ryan Ganoe ("Ganoe"), have or may make claims against Polynesian. Admitted that such claims may arise as the result of the death of Ganoe, and the bodily injury of Defendant, ANDREW BICKFORD. All other allegations of this paragraph, not specifically addressed herein, are denied.

4.    Admitted for venue purposes only, that venue is proper in this Court. All other allegations of this paragraph are denied.

5.    Denied.

6.    Denied.

## **PARTIES**

7.    Without knowledge, therefore denied.

8.    The allegations set for in Paragraph 8 of the Complaint are not directed towards Defendant, ANDREW JAMES BICKFORD; therefore, ANDREW JAMES BICKFORD makes no response to the allegation set forth in the Paragraph 8. To the extent the allegations set for forth in Paragraph 8 are directed against ANDREW JAMES BICKFORD, ANDREW JAMES BICKFORD is without knowledge, therefore denied.

9.    The allegations set for in Paragraph 9 of the Complaint are not directed towards Defendant, ANDREW JAMES BICKFORD; therefore, ANDREW JAMES BICKFORD makes no response to the allegation set forth in the Paragraph 9. To the extent the allegations set for forth in Paragraph 9 are directed against ANDREW JAMES BICKFORD, ANDREW JAMES BICKFORD is without knowledge, therefore denied.

10.	The allegations set for in Paragraph 10 of the Complaint are not directed towards Defendant, ANDREW JAMES BICKFORD; therefore, ANDREW JAMES BICKFORD makes no response to the allegation set forth in the Paragraph 10. To the extent the allegations set for forth in Paragraph 10 are directed against ANDREW JAMES BICKFORD, ANDREW JAMES BICKFORD is without knowledge, therefore denied.

11.	Admitted, for jurisdictional purposes only, that this Court has jurisdiction. Admitted that ANDREW JAMES BICKFORD is and was a citizen of Florida.  All other allegations of this paragraph are denied.

12.	Without knowledge, therefore denied.

13.	Admitted, for jurisdictional purposes only, that this Court has jurisdiction. All other allegations of this paragraph are denied.

## **FACTUAL ALLEGATIONS**

14.	Admitted only, upon information and belief, that at some point both Zackery Ganoe and Defendant, ANDREW JAMES BICKFORD, were guests at the Polynesian property in Kissimmee, Florida.

15.	Denied as phrased.

16.	Denied as phrased.

17.	Denied as phrased.

18.	Admitted.

19.	Without knowledge, therefore denied.

20.   The allegations set for in Paragraph 20 of the Complaint are not directed towards Defendant, ANDREW JAMES BICKFORD; therefore, ANDREW JAMES BICKFORD makes no response to the allegation set forth in the Paragraph 20. To the extent the allegations set for forth in Paragraph 20 are directed against ANDREW JAMES BICKFORD, ANDREW JAMES BICKFORD is without knowledge, therefore denied.

21.   The allegations set for in Paragraph 21 of the Complaint are not directed towards Defendant, ANDREW JAMES BICKFORD; therefore, ANDREW JAMES BICKFORD makes no response to the allegation set forth in the Paragraph 21. To the extent the allegations set for forth in Paragraph 21 are directed against ANDREW JAMES BICKFORD, ANDREW JAMES BICKFORD is without knowledge, therefore denied.

22.   The allegations set for in Paragraph 22 of the Complaint are not directed towards Defendant, ANDREW JAMES BICKFORD; therefore, ANDREW JAMES BICKFORD makes no response to the allegation set forth in the Paragraph 22. To the extent the allegations set for forth in Paragraph 22 are directed against ANDREW JAMES BICKFORD, ANDREW JAMES BICKFORD is without knowledge, therefore denied.

23.   The allegations set for in Paragraph 23 of the Complaint are not directed towards Defendant, ANDREW JAMES BICKFORD; therefore, ANDREW JAMES BICKFORD makes no response to the allegation set forth in the Paragraph 23. To the extent the allegations set for forth in Paragraph 23 are directed against

ANDREW JAMES BICKFORD, ANDREW JAMES BICKFORD is without knowledge, therefore denied.

24. The allegations set for in Paragraph 24 of the Complaint are not directed towards Defendant, ANDREW JAMES BICKFORD; therefore, ANDREW JAMES BICKFORD makes no response to the allegation set forth in the Paragraph 24. To the extent the allegations set for forth in Paragraph 24 are directed against ANDREW JAMES BICKFORD, ANDREW JAMES BICKFORD is without knowledge, therefore denied.

25. The allegations set for in Paragraph 25 of the Complaint are not directed towards Defendant, ANDREW JAMES BICKFORD; therefore, ANDREW JAMES BICKFORD makes no response to the allegation set forth in the Paragraph 25. To the extent the allegations set for forth in Paragraph 25 are directed against ANDREW JAMES BICKFORD, ANDREW JAMES BICKFORD is without knowledge, therefore denied.

26. The allegations set for in Paragraph 26 of the Complaint are not directed towards Defendant, ANDREW JAMES BICKFORD; therefore ANDREW JAMES BICKFORD makes no response to the allegation set forth in the Paragraph 26. To the extent the allegations set for forth in Paragraph 26 are directed against ANDREW JAMES BICKFORD, ANDREW JAMES BICKFORD is without knowledge, therefore denied.

27. The allegations set for in Paragraph 27 of the Complaint are not directed towards Defendant, ANDREW JAMES BICKFORD; therefore, ANDREW JAMES BICKFORD makes no response to the allegation set forth in the Paragraph 27. To

the extent the allegations set for forth in Paragraph 27 are directed against ANDREW JAMES BICKFORD, ANDREW JAMES BICKFORD is without knowledge, therefore denied.

28.  The allegations set for in Paragraph 28 of the Complaint are not directed towards Defendant, ANDREW JAMES BICKFORD; therefore ANDREW JAMES BICKFORD makes no response to the allegation set forth in the Paragraph 28. To the extent the allegations set for forth in Paragraph 28 are directed against ANDREW JAMES BICKFORD, ANDREW JAMES BICKFORD is without knowledge, therefore denied.

29.  The allegations set for in Paragraph 29 of the Complaint are not directed towards Defendant, ANDREW JAMES BICKFORD; therefore, ANDREW JAMES BICKFORD makes no response to the allegation set forth in the Paragraph 29. To the extent the allegations set for forth in Paragraph 29 are directed against ANDREW JAMES BICKFORD, ANDREW JAMES BICKFORD is without knowledge, therefore denied.

30.  The allegations set for in Paragraph 30 of the Complaint are not directed towards Defendant, ANDREW JAMES BICKFORD; therefore, ANDREW JAMES BICKFORD makes no response to the allegation set forth in the Paragraph 30. To the extent the allegations set for forth in Paragraph 30 are directed against ANDREW JAMES BICKFORD, ANDREW JAMES BICKFORD is without knowledge, therefore denied.

31.  The allegations set for in Paragraph 31 of the Complaint are not directed towards Defendant, ANDREW JAMES BICKFORD; therefore, ANDREW JAMES

BICKFORD makes no response to the allegation set forth in the Paragraph 31. To the extent the allegations set for forth in Paragraph 31 are directed against ANDREW JAMES BICKFORD, ANDREW JAMES BICKFORD is without knowledge, therefore denied.

32. The allegations set for in Paragraph 32 of the Complaint are not directed towards Defendant, ANDREW JAMES BICKFORD; therefore ANDREW JAMES BICKFORD makes no response to the allegation set forth in the Paragraph 32. To the extent the allegations set for forth in Paragraph 32 are directed against ANDREW JAMES BICKFORD, ANDREW JAMES BICKFORD is without knowledge, therefore denied.

## COUNT I
## DECLARATORY JUDGMENT- NORTHFIELD POLICY

33. ANDREW JAMES BICKFORD incorporates by reference and restates his responses to paragraphs 1-32 as if fully stated herein.

34. Denied.

35. Denied.

36. Denied.

## COUNT II
## DECLARATORY JUDGMENT- STARSTONE POLICY

37. ANDREW JAMES BICKFORD incorporates by reference and restates his responses to paragraphs 1-32 as if fully stated herein.

38. Denied.

39.	Denied.

40.	Denied.

41.	Denied.

42.	Denied.

Defendant, ANDREW JAMES BICKFORD, denies all allegations of the Complaint not expressly admitted above, and demands strict proof of each and every allegation denied above.


## DEFENSES

43.	Plaintiff's Complaint fails to state a claim upon which relief may be granted.

44.	Plaintiff's Complaint does not present a justiciable controversy.

45.	Plaintiff's Complaint fails to name parties whose presence in this action is necessary pursuant to Federal Rule of Civil Procedure 19.

46.	Defendant, ANDREW JAMES BICKFORD, reserves the right to amend this Answer and Defenses as additional information is gathered during the course of discovery or otherwise.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Rory Eric Jurman, Esquire; Vivian Arango  Loshak,**

**Esquire; Steven S. Cula, Esquire**, Fowler White Burnett, P.A., One Financial Plaza, Suite 2100, 100 Southeast Third Avenue, Fort Lauderdale, FL 33394 (rjurman@fowler-white.com; vloshak@fowler-white.com; scula@fowler-white.com); **Scott Busby, Esquire,** Busby Negin, 8200 Roberts Drive, Suite 201, Atlanta, GA 30350 (busby@busbynegin.com); **Gregory D. Swartwood, Esquire and Mark A. Nation, Esquire,** The Nation Law Firm, LLP, 570 Crown Oak Centre Drive, Longwood, FL 32750. mnation@nationlaw.com and gswartwood@nationlaw.com

**Respectfully Submitted,**

**Busby Negin, Inc.**
Attorneys for Defendant Andrew J. Bickford
8200 Roberts Drive, Suite 201
Telephone: (470)275-3042
Facsimile: (470)275-3042
Busby@busbnegin.com
SCOTT BUSBY
Florida Bar No: 857254

**Kelley Uustal PLC**
Attorneys for Defendant Andrew J. Bickford
500 North Federal Highway, Suite 200
Fort Lauderdale, Florida 33301
Telephone: (954) 522-6601
Facsimile: (954) 522-6608
trf@kulaw.com
kdr@kulaw.com

By: /s/ Karina D. Rodrigues
TODD R. FALZONE
Florida Bar No. 0975184
KARINA D. RODRIGUES
Florida Bar No. 112713