UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STARSTONE NATIONAL INSURANCE
COMPANY,

      Plaintiff,

v.

POLYNESIAN INN, LLC d/b/a DAYS INN
OF KISSIMMEE; ANDREW JAMES
BICKFORD; and JANE DOE, as Personal
Representative of the Estate of ZACKERY
RYAN GANOE,

      Defendants.

CASE NO.:   6:18-cv-1048-ORL-31-TBS

## PLAINTIFF, STARSTONE NATIONAL INSURANCE COMPANY'S, MOTION TO COMPEL DEPOSITION OF DEFENDANT, ANDREW JAMES BICKFORD

Plaintiff, STARSTONE NATIONAL INSURANCE COMPANY ("StarStone"), by and through undersigned counsel, pursuant to Fed. Civ. Pro. R. 37 and Middle District of Florida Loc. Rule 3, hereby files this Motion to Compel Deposition of Defendant ANDREW JAMES BICKFORD ("Bickford" or "Defendant"), and in support thereof states as follows:

1.     This matter arises out of an alleged attack by Emerita Mapp against Zackery Ryan Ganoe, now deceased, and Bickford, at the Days Inn of Kissimmee, owned by POLYNESIAN INN, LLC d/b/a DAYS INN OF KISSIMMEE ("Polynesian"), on or about April 11, 2017. owned the Days Inn. *See* [DE 1] at pp. 3-4. Upon information and belief, Ms. Mapp murdered Ganoe and severely injured Bickford during the subject incident. *See id.*

2.      At the time of the subject loss, Polynesian was insured under a primary policy with Northfield Insurance Company ("Northfield"), and a follow form excess policy with Starstone. *See* Northfield Policy [DE 1-1] & Starstone Policy [DE 1-2].

3.      Starstone brought this declaratory action pursuant to 28 U.S.C. § 2201, seeking a declaration related to the rights and obligations of the parties for claims brought against its insured, Polynesian, by Bickford and Ganoe as a result of the subject incident.

4.      Starstone has requested dates of availability for the deposition of Defendant Bickford. In response, Bickford's counsel advised that he objected to any deposition of his client, arguing it is irrelevant. Bickford's position is that his deposition should be precluded altogether. Indeed, Bickford's counsel has refused to allow the deposition of his client, despite repeated efforts.

5.      Contrary to Bickford's contentions, Bickford's testimony is not only relevant, but necessary.  Bickford is a *defendant* in this case, seeking coverage and making a claim under the Starstone policy. Bickford possess *unique* knowledge of the subject incident, which forms the basis of the claims for coverage under the occurrence based policy at issue. Additionally, in initial disclosures, Bickford listed himself as a fact witness with discoverable information.  The threshold for relevance is low and a party must show "exceptional circumstances" to preclude a deposition altogether. Bickford has not and cannot provide any support for the protection he is seeking, and Bickford's testimony should be compelled.

6.      For the reasons set forth herein, Starstone seeks an order compelling Defendant Bickford to present for deposition within the next thirty (30) days, as the discovery deadline is quickly approaching.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

## MEMORANDUM OF LAW

Pursuant to the Federal Rules of Civil Procedure, a party may file a motion seeking an order compelling discovery. FED. R. CIV. P. 37(a)(1). In this matter, Starstone has requested to take the deposition of Defendant Bickford, to which Bickford's counsel objected on grounds of relevance.

The Federal Rules of Civil Procedure clearly establishes that "*a party may*, by oral question, *depose* any person, including *a party* . . ." FED. R. CIV. P. 30(a)(1)(emphasis added). Furthermore, the rules governing discovery are liberal. Specifically, Rule 26, Fed. R. Civ. P., states:

> **(b) Discovery Scope and Limits.**
>
> **(1)** *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: *Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Information within this scope of discovery need not be admissible in evidence to be discoverable.*

FED. R. CIV. P. 26(b)(1)(emphasis added).

**When a party seeks to be shielded from being deposed altogether, they must show "exceptional circumstances."** *See, e.g. Arnold v. Wausau Underwriters Ins. Co*, 2013 WL 5488520 (S.D. Fla. 2013) (noting plaintiff failed to show "exceptional circumstances" to preclude his deposition); *Dude v. Cong. Plaza, LLC,* 17-80522-CIV, 2018 WL 2291308, at *2 (S.D. Fla. May 18, 2018), reconsideration denied, 17-80522-CIV, 2018 WL 3432714 (S.D. Fla. July 16, 2018) (citing *Campos v. Webb Cnty. Tex.*, 288 F.R.D. 134, 136 (S.D. Tex. 2012)).

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

Bickford's deposition is relevant and necessary in order to determine the coverage issues present in this case as he has knowledge of the subject incident and the policies at issue are occurrence based. *See* [DE 1-1] & [DE 2]. **Coverage under occurrence based policies stem from a particular incident or occurrence and information relating to the incident which does or does not give rise to coverage is relevant.** While Starstone does not have to show that this information is not otherwise available, this is the case here. Based on information and belief, the only other parties involved in the subject incident are not available to testify as Emerita Mapp, the purported assailant, is incarcerated and her testimony would be subject to the Fifth Amendment privilege against self-incrimination, and Ganoe is deceased. Additionally, no one other than Bickford would have knowledge concerning his claims for coverage.

As noted in Starstone's Complaint, its position is that there was an assault and battery, *and therefore*, the assault and battery sublimit of the Northfield policy applies. *See* [DE 1] at 3-4. The Starstone policy specifically provides there is no coverage for claims subject to any sublimit in the Northfield policy. *See id.* at 5-6. Thus, the foundation and crux of the coverage position here is what happened during the subject incident and whether the assault and battery sublimit applies. *See id.* at p. 7.

Bickford has denied Starstone's allegations regarding how the subject incident occurred and that there was an assault and battery. By way of example, in Starstone's Complaint, it alleged:

> 34. The actions that Emerita Mapp took against Zackery Ganoe and Andrew Bickford constitute a "battery" within the meaning of the A&B Endorsement.
>
> \*       \*       \*
>
> 40. Emerita Mapp's actions on April 11, 2017 constitute a "battery" that triggers the A&B Endorsement in the Northfield Policy.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

*See* [DE 1] at pp 5-7.  In response, in Bickford's Amended Answer and Affirmative Defenses [D.E. 54], he responds as follows:

> 34. Denied.

*      *      *

> 40. Denied.

*See* [DE 54] at pp. 7-8.

Bickford is a defendant to this action and making a claim for coverage and testimony surrounding, not only the subject incident, but his claim for coverage needs to be explored through deposition. The threshold to determine relevance is very low.  "[A]s a general rule, parties are permitted to obtain discovery regarding any matter, not privileged, that is relevant." *Canupp v. Liberty Behavioral Healthcare Corp.*, 2006 WL 8426427 *1, *2 (M.D. Fla. 2006)(citing Fed. R. Civ. P. 26(b)(1)). As this Court is aware, the threshold for relevance in discovery matters is low, as information subject to discovery must only be reasonably calculated to lead to the discovery of evidence. *Id.* Furthermore, the Federal Rules clearly allow for a party to be deposed and Bickford is a defendant. FED. R. CIV. P. 30(a)(1).

Bickford may allege he has suffered emotionally from the events surrounding the subject incident and may provide same as a basis to preclude his deposition. However, this is insufficient to justify a complete preclusion of Bickford's deposition. In *Arnold v. Wausau Underwriters Ins. Co*., decided by the Southern District, the carrier sought to compel the deposition of the plaintiff, who was making a claim and coverage. *See Arnold v. Wausau Underwriters Ins. Co*, 2013 WL 5488520 (S.D. Fla. 2013). The plaintiff claimed he suffered a psychiatric condition and "participating in a deposition 'will jeopardize [the plaintiff's] mental health'" and submitted his treating psychiatrists reports in support. *See id*. at *1. The Court noted that plaintiff nonetheless

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

failed to show the "exceptional circumstances" needed to preclude him from being deposed. *See id*. at *3. The balance between the plaintiff's interest in being protected from harm, and the carrier's interest in preparing its case, weighed in favor of compelling the deposition. *See id.* at *4.

Additionally, in his Rule 26 initial disclosures, which is attached and incorporated hereto as ***Exhibit "A,"*** Bickford listed himself as a "individual likely to have discoverable information," and noted that the subjects to which he could testify to. Specifically, Bickford noted as follows:

> 1. **Rule 26(a)(1)(A)(i): the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**
>
> \*      \*      \*
>
> E.  **Defendant, Andrew James Bickford**
>
> \*      \*      \*
>
> Subject: The underlying incident and resulting claims, injuries/damages as a result of same, Mr. Bickford's claim for coverage his demand to Northfield and StarStone, documents and evidence supporting Bickford's claims, and insurance available to Bickford.

*See **Ex. "A,"*** at p. 3. Thus, Bickford acknowledged he possessed discoverable information in this lawsuit.

By failing to provide the requested deposition of Defendant Bickford, a party to this action, who seeks coverage and is making a claim under the Starstone policy, and who is the only person with information as to the subject incident and his claim for coverage, Defendant Bickford is not only shackling, but outright preventing Starstone from its ability to prove its case. Bickford's counsel has not provided any justifiable reason as to why Bickford's deposition should not be taken. Bickford's counsel has not taken the position that Bickford's deposition should be limited in

scope or fashion, but rather that it cannot be taken at all. *See Arnold v. Wausau Underwriters Ins. Co*, 2013 WL 5488520 (S.D. Fla. 2013) (noting that the "'burden of showing good cause to preclude a deposition altogether is a heavy one.'") (internal citations omitted).

Therefore, StarStone requests that this Court enter an order compelling Defendant Bickford's deposition as it is relevant and discoverable. We respectfully request Defendant Bickford's deposition within thirty (30) days as the discovery deadline is fast-approaching and, upon information and belief, Bickford's deposition would need to be taken out of state.

WHEREFORE, Plaintiff, STARSTONE NATIONAL INSURANCE COMPANY, respectfully requests that this Honorable Court enter an Order compelling the deposition of Defendant, ANDREW JAMES BICKFORD, within thirty (30) days, and for such other and further relief as this Court deems just and proper.

## **LOCAL RULE 3.01 CERTIFICATION**

Pursuant to Local Rule 3.01(g), counsel for StarStone has conferred with counsel for Defendants Bickford and Polynesian regarding the issues presented in this motion. Bickford has objected to the relief sought herein.

Date: April 11, 2019

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

Respectfully submitted,


/s/ Viviana Arango Loshak
Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Viviana Arango Loshak
Fla. Bar No. 84869
Email: vloshak@fowler-white.com

Ashley N. Flynn
Fla. Bar No. 124995
Email: aflynn@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:    (954) 377-8100
Facsimile:    (954) 377-8101

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/  Viviana Arango Loshak</u>

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

### SERVICE LIST

CASE NO. 6:18-cv-1048-ORL-31-TBS

Scott Busby, Esq,
Busby, Negin Attorneys at Law
8200 Roberts Drive
Suite 201
Atlanta, GA 30350
E-Mail: busby@busbynegin.com
Telephone: (470) 275-3042
**Attorney for Andrew James Bickford**

Todd R. Falzone, Esq.
Karina D. Rodrigues, Esq.
Kelley Uustal, PLC
Kelley Uustal Courthouse Law Plaza
700 SE 3rd Avenue, Suite 300
Fort Lauderdale, FL 33316
E-Mail: trf@kulegal.com
kdr@kulegal.com
Telephone: (954) 522-6601
Facsimile: (954) 522-6608
**Attorney for Counsel for Andrew Bickford**

Mark A. Nation, Esq.
Gregory Smartwood, Esq.
The Nation Law Firm
570 Crown Oak Centre Drive
Longwood, FL 32750
E-Mail: mnation@nationlaw.com
gswartwood@nationlaw.com
Telephone: (407) 337-1104
Facsimile: (407) 339-1118
***Attorney for Polynesian Inn, LLC DBA Days Inn of Kissimmee***

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100