UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STARSTONE NATIONAL INSURANCE
COMPANY,

    Plaintiff,

v.                                                             Case No:   6:18-cv-1048-Orl-31TBS

POLYNESIAN INN, LLC, ANDREW
JAMES BICKFORD and JANE DOE,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Plaintiff Starstone National Insurance Company's Motion to Compel Deposition of Defendant Andrew James Bickford (Doc. 63). Mr. Bickford has not filed a response to the motion and the time within to do so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) (collecting cases). The Court proceeds on the basis that this motion is unopposed.

Defendant Polynesian Inn, LLC d/b/a Days Inn of Kissimmee operates a hotel in Kissimmee, Florida (Doc. 1 at 1; Doc. 63, ¶ 1). Polynesian had a primary commercial general liability policy issued by Northfield Insurance Company and a follow-form excess liability policy issued by Plaintiff (Doc. 1, ¶¶ 20-21, 28). On April 11, 2017 Mr. Bickford and Zackery Ganoe were guests at the hotel (Id., ¶ 14). One Emerita Mapp attacked both men, stabbing Mr. Ganoe to death, and slashing Mr. Bickford's throat (Id., ¶¶ 14-16). Ms. Mapp subsequently pled no-contest to first-degree murder and attempted first-degree

murder (Id., ¶ 19). She is serving a life sentence without the possibility of parole (Id.). Polynesian is facing two claims as a result of these attacks, one for wrongful death, the other for grievous bodily injury both allegedly resulting from negligent security on its hotel premises (Id., ¶ 3). Plaintiff brings this action for a declaratory judgment to determine the extent of its exposure under its insurance policy. Plaintiff appears to believe that whether there is coverage depends in large part upon whether Mr. Ganoe and Mr. Bickford were the victims of "assaults" and "batteries" as those terms are defined in the Northfield policy (Id.).

In his FED. R. CIV. P. 26(a)(1)(A)(i) disclosures Mr. Bickford identified himself as a person likely to have discoverable information on the following subjects:

> The underlying incident and resulting claims, injuries/damages as a result of same, Mr. Bickford's claim for coverage, his demand to Northfield and StarStone, documents and evidence supporting Bickford's claims, and insurance available to Bickford.

(Doc. 63-1 at 3). Plaintiff's lawyer asked Mr. Bickford's attorney for dates when he could take Mr. Bickford's deposition (Doc. 63, ¶ 4). Mr. Bickford's attorney responded that his client's testimony is irrelevant, and he will not allow the deposition (Id.). Now, Plaintiff seeks an order compelling the deposition.

In the absence of a response to the motion to compel and considering the scope of discovery under FED. R. CIV. P. 26(b)(1), Plaintiff's motion is **GRANTED**. Unless the attorneys agree otherwise, Mr. Bickford shall appear for the taking of his deposition on a date, and in a location agreed upon by counsel, within 30 days from the rendition of this Order.

If a motion to compel is granted, the court must ordinarily award the movant its reasonable expenses, including attorney's fees, incurred to bring the motion. FED. R. CIV.

P. 37(a)(5). The Rule recognizes three exceptions none of which apply:

>  (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A). Now, Plaintiff is awarded its reasonable attorney's fees and costs for the prosecution of this motion. The parties may agree on the amount within 14 days failing which Plaintiff shall file its application for fees and costs and then Mr. Bickford will have 14 days to respond.

**DONE** and **ORDERED** in Orlando, Florida on April 29, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

> Counsel of Record
> Unrepresented Parties