UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STARSTONE NATIONAL INSURANCE
COMPANY,

      Plaintiff,

v.                                                                    Case No: 6:18-cv-1048-Orl-31TBS

POLYNESIAN INN, LLC, ANDREW
JAMES BICKFORD and JANE DOE,

      Defendants.

_____

## REPORT AND RECOMMENDATION

This case comes before me without oral argument on Plaintiff StarStone National

Insurance Company's Motion for Entry of Final Default Judgment Against Jane Doe, as

Personal Representative of the Estate of Zackery Ryan Ganoe (Doc. 79). Defendant

Polynesian Inn, LLC, d/b/a Days Inn of Kissimmee (the "Insured") has filed a response in

opposition to the motion (Doc. 86). For the following reasons, I respectfully recommend

that the motion be **denied without prejudice**.

### Background

The Insured operates a hotel in Kissimmee, Florida (Doc. 1 at 1; Doc. 63, ¶ 1). It has,

in connection with that hotel, a primary commercial general liability policy issued by Northfield

Insurance Company and a follow-form excess liability policy issued by Plaintiff (Doc. 1, ¶¶ 20-

21, 28). On April 11, 2017 Andrew James Bickford and Zackery Ganoe were guests at the

hotel (Id., ¶ 14). While on the property, Emerita Mapp stabbed Mr. Ganoe to death, and

slashed Mr. Bickford's throat (Id., ¶¶ 14-16). Ms. Mapp subsequently pled no-contest to first-

degree murder and attempted first-degree murder and is serving a life sentence without the

possibility of parole (Id., ¶ 19). Polynesian is facing two claims as a result of these attacks,

one for wrongful death, the other for grievous bodily injury both allegedly resulting from negligent security on its hotel premises (Id., ¶ 3).

Plaintiff brings this action for a declaratory judgment to determine the extent of its exposure under its insurance policy. Plaintiff believes that whether there is coverage depends in large part upon whether Mr. Ganoe and Mr. Bickford were the victims of "assaults" and "batteries" as those terms are defined in the Northfield policy (Id.). On April 11, 2019 the Clerk entered a default against Jane Doe, as Personal Representative of the Estate of Zachery Ryan Ganoe ("the Estate") (Doc. 62). Now, Plaintiff seeks entry of final default judgment against the Estate. The Insured opposes the motion on the ground that a ruling now would create the possibility of later, inconsistent judgments in the case (Doc. 86).

## Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, a defendant's default alone does not require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Before judgment is entered pursuant to Rule 55(b), there must be a sufficient basis in the pleadings to support the relief sought. Id.

The district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). In defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on

appeal the facts thus established." Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Id.

If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." See id. at 1544 (quoting United Artists Corp. v. Freeman, 605 F.2d 854 (5th Cir. 1979) (per curiam)).

A. Appropriateness of the Clerk's Entry of Default

When Plaintiff requested the entry of a Clerk's default against the Estate it explained that when this case was filed, the personal representative of the Estate had not been named, but Plaintiff assumed it would be decedent's mother, hence the "Jane Doe" designation (Doc. 60, ¶ 3). The probate court gave Plaintiff until January 29, 2019 to serve the Estate (Id., ¶¶ 3-4). In December 2018, Plaintiff was made aware that Jeremy Ganoe was appointed as personal representative of the Estate (Id., ¶ 5; Doc. 60-1; Doc. 60-2). Through investigation, Plaintiff learned that Jeremy Ganoe resides at 612 Morgantown Street, Point Marion, PA 15474 (Id., ¶ 6; Doc. 60-3).

In this Court, an individual may be served by giving a copy of the summons and complaint to the individual personally; giving a copy of the summons and complaint to an age-appropriate person who lives at the individual's "dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by law" to receive

process; or by a manner permitted under the laws of the state in which the district court is located for an action brought in a court of jurisdiction in that state. FED. R. CIV. P. 4(e).

Plaintiff's return of service shows that on January 29, 2019, the process server served Jeremy Ganoe by serving his co-habitant, Zackary Ganoe[1] who is over the age of fifteen (Doc. 56 at 1). Under the guidelines established by Rule 4(e), service on the Estate was proper. Once served, the Estate was required to respond on or before February 19, 2019. See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). The Estate has failed to respond to the complaint and the time to do so has passed, thus the Clerk properly entered default against the Estate.

B. It is Premature to Enter Default Judgment

As a general proposition, where there are multiple defendants, judgment should not be entered against a defaulted defendant until the case has been adjudicated with regard to all the defendants. Atrium 5 Ltd. v. Hossain, Case No. 6:16-cv-1964-Orl-22TBS, 2017 WL 2562543, at *2 (M.D. Fla. May 26, 2017); Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C., No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011). This is consistent with the United States Supreme Court's statement in Frow v. De La Vega, 82 U.S. 552, 554 (1872) that:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

---

[1] This individual shares the same name as the deceased and is believed to be his uncle (Doc. 60, ¶ 7 n.3).

As the Court explained in <u>Politano v. Ott</u>, No. 6:07-cv-958-Orl18DAB, 2008 WL 4104137, at *1 (M.D. Fla. Aug. 6, 2008):

> This prohibition against logically inconsistent judgments does not apply only to cases where liability is deemed to be joint. In this circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." <u>Gulf Coast Fans v. Midwest Elecs. Imp.</u>, 740 F.2d 1499, 1512 (11th Cir.1984) (citing C. Wright & A. Miller, Federal Practice and Procedure, § 2690, 6 Moore, Federal Practice, ¶ 55.06, and reasoning that it would be inconsistent for the plaintiff to collect a judgment against the defaulting defendant on a contract when a jury, in a suit against another defendant under the same contract, had found that the plaintiff itself had breached that contract). This district has followed <u>Frow</u> and has been sensitive to the risk of inconsistent judgments. See <u>Centimark Corp. v. A to Z Coating & Sons, Inc.</u>, 2007 WL 4557247 (M.D.Fla.2007), affirmed, 2008 WL 2909299 (11th Cir. July 30, 2008) (unpublished); <u>Temporary Services Insurance Ltd. v. O'Donnell</u>, 2008 WL 2730997, 1 (M.D.Fla.2008) (slip opinion-declining to enter default judgment against some defendants where other claims remained against other defendants, noting: "the risk of inconsistent judgments").

This has become the preferred practice of our court and has been extended beyond situations in which the defaulting defendant may be jointly liable with non-defaulting defendants. The practice also applies to situations like this case which "involves the declaration of obligations and coverage under an insurance agreement that is the subject of an underlying dispute." <u>N. Pointe. Ins. Co. v. Global Roofing & Sheet Metal, Inc</u>, No. 6:12-cv-476-Orl-31TBS, 2012 WL 5378826, at *4 (M.D. Fla. Sept. 4, 2012) (citing <u>Ins. Co. v. Daniel</u>, Civil Action, 7:12-cv-27 (HL), 2012 U.S. Dist. LEXIS 61307, at *3 (M.D. Ga. May 2, 2012); <u>Essex Ins. Co. v. Moore</u>, No. 6:11-cv-515-Orl-19KRS, 2011 WL 3235685 (M.D. Fla. July 28, 2011)). There are two pending summary judgment motions in this case (Docs. 80 and 81). If the Court enters default judgment against the Estate now, and rules against Plaintiff on these dispositive motions, the result would be inconsistent

declaratory judgments involving similarly situated Defendants. To avoid this potential outcome, I respectfully recommend that the motion for final default judgment against the Estate be denied.

## Recommendation

Upon consideration of the forgoing, I **respectfully recommend** that Plaintiff's Motion for Final Default Judgment Against Jane Doe, As Personal Representative of the Estate of Zackery Ryan Ganoe, (Doc. 79) be **DENIED WITHOUT PREJUDICE**.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on July 19, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties