UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| STARSTONE NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>POLYNESIAN INN, LLC d/b/a DAYS INN OF KISSIMMEE; ANDREW JAMES BICKFORD; and JANE DOE, as Personal Representative of the Estate of ZACKERY RYAN GANOE,<br><br>Defendants. | CASE NO.:   6:18-cv-01048-GAP-EJK |

**PLAINTIFF STARSTONE NATIONAL INSURANCE COMPANY'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

COMES NOW, Plaintiff STARSTONE NATIONAL INSURANCE COMPANY ("Starstone" or "Plaintiff"), pursuant to M.D. Fla. Loc. R. 6.02, by and through the undersigned counsel, files the following objections to Honorable Magistrate Judge Thomas Smith's Report and Recommendations [D.E. 88] on Starstone's Motion For Entry Of Final Default Judgment against Defendant, JANE DOE, as Personal Representative of THE ESTATE OF ZACKERY RYAN GANOE ("Estate of Ganoe"), and in support thereof states:

1. Plaintiff Starstone seeks declaratory relief with respect to its follow form excess liability policy issued to Defendant POLYNESIAN INN, LLC d/b/a DAYS INN OF KISSIMMEE ("Polynesian") with respect to claims by Defendant ANDREW JAMES BICKFORD ("Bickford") and Defendant the Estate of Ganoe resulting from the murder of Zackery Ganoe, and the attempted murder and attack of Bickford by Ms. Emerita Mapp that

occurred on or about April 11, 2017. *See* Complaint [D.E. 1]. The Starstone policy follows form to a primary policy issued by Northfield Insurance Co. ("Northfield"). *See id.*

2. Starstone instituted the instant against its insured, Polynesian, and the claimants, Bickford and the Estate of Ganoe. *See id.*

3. The Estate of Ganoe failed to appear, plead or otherwise respond to Starstone's Complaint and Starstone accordingly moved for a clerk's default against the Estate. *See* [D.E. 60].

4. This Honorable Court granted Starstone's motion for clerk's default [D.E. 61], and the Clerk entered Default against the Estate of Ganoe [D.E. 62].

5. Starstone then filed its Motion for Final Default Judgment against the Estate of Ganoe (the "Motion"). *See* [D.E. 79]. Polynesian filed a Response in Opposition thereto. *See* [D.E. 86].

6. On or about July 19, 2019, Magistrate Judge Thomas Smith filed a Report and Recommendation ("R&R") recommending Starstone's Motion be denied without prejudice. *See* [D.E. 88] at 1.

7. Thereafter, on or about July 25, 2019, this Honorable Court entered an Order reassigning this case to Honorable Magistrate Judge Embry J. Kidd, and referring, *inter alia*, Starstone's Motion for Final Default Judgment to Judge Kidd. *See* [D.E. 89]. Accordingly, Starstone objects to Judge Smith's R&R as it is now moot and/or overruled by virtue of this Honorable Court's Order [D.E. 89].

8. Additionally, Starstone respectfully objects to Magistrate Judge Smith's R&R due to the particular facts of this case. In the Court's R&R, Honorable Magistrate Judge Smith concluded the clerk's entry of default judgment against Defendant Estate of Ganoe was proper,

but expressed concern over the potential for inconsistent judgments in light of the pending Motions for Summary Judgment by Polynesian and Starstone. [D.E. 88] at 5-6.

9. Essentially, Honorable Magistrate Smith found that if either motion for summary judgment was entered against Starstone, there would be a judgment declaring there was coverage under the subject policy. [D.E. 88] at pp. 5-6. If there was a final default judgment entered, then there would be a judgment declaring there was no coverage under the subject policy. *See id*. Thus, these judgments would be inconsistent.

10. However, the scope of the relief requested in Starstone's Motion for Final Default Judgment is limited to the *Estate of Ganoe's* claims only.  *See* [D.E. 79] at pp. 6, 9.

11. Additionally, the Estate of Ganoe's claims have been settled in full for the applicable primary (sub)limit[1] of $25,000 per offense.  *See* Ganoe Release [D.E. 81-10]. The Estate of Ganoe has released Polynesian. *See id.*  There is no risk of inconsistent judgments if final default judgment is entered against the Estate of Ganoe as the Estate has already settled with Polynesian for the applicable primary limits of $25,000. *See id.*

12. Given the settlement with the Estate of Ganoe, there would be no circumstance where Polynesian would be seeking defense and indemnity from Starstone relating to the Estate of Ganoe's claims given the full and final resolution of such claims.

13. For these reasons, Starstone respectfully submits its Objections to Magistrate Smith's R&R as it has been overruled and/or mooted by virtue of the Court's Order [D.E. 89] reassigning this case to Honorable Magistrate Judge Kidd, and referring Plaintiff's Motion to

---

[1] A dispute amongst the parties is whether or not the applicable Assault and Battery Endorsement in the primary policy is a sublimit. Thus, while Starstone contends the applicable limit is a sublimit, Starstone will refer to such limits herein as a "(sub)limit" or "applicable limit." The issue of whether or not the applicable limit is or is not a sublimit has no bearing on the issues presented in Starstone's Motion, or in its Objections to the R&R.

Judge Kidd, and additionally because the R&R does not consider the unique circumstances of the present case, which make the risk for inconsistent judgments nonexistent.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72(b), and M.D. Fla. Local Rule 6.02, a party may serve and file written objections to a Magistrate Judge's proposed findings and recommendations within fourteen days after issuance of the report. Rule 72(b)(3) provides that "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. CIV. PRO. R. 72(b)(3).

Section 636(b)(1) echoes this standard when stating, "Within 14 days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations…A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id* . "This requires that the district judge 'give fresh consideration to those issues to which specific objection has been made by a party.'" *IFG Network Secs v. King*, 282 F. Supp. 2d 1344, 1349 (M.D. Fla. 2003).

Furthermore, under the *de novo* standard, "the judge may also receive further evidence...." 28 U.S.C. § 636(b)(1)(C).  "[R]egarding the scope of review, litigants generally must present their evidence and arguments to the magistrate judge in the first instance to preserve review; however, the district court may, in its discretion, consider arguments and evidence presented for the first time in an objection to a report and recommendation." *N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.*, 688 F. Supp. 2d 1336, 1339 (M.D. Fla. 2010) (*citing Williams v. McNeil*, 557 F.3d 1287, 1291–92 (11th Cir. 2009)).

## LEGAL ARGUMENT AND MEMORANDUM OF LAW

First and foremost, it is Starstone's position that this Court's Order assigning this case and referring Starstone's Motion for Final Default Judgment, to Magistrate Judge Embry Kidd [D.E. 89] effectively renders the R&R moot and/or overruled.

Additionally, in the event the R&R is neither mooted nor overruled by virtue of the above-referenced order, Starstone avers there is no risk of inconsistent judgments given the particulars of the present matter. The relief sought in the Motion for Final Default Judgment is limited in scope. Starstone only seeks judgment with respect to *the Estate of Ganoe's claims*. *See* [D.E. 79] at pp. 6, 9. Thus, a final default judgment declaring there is no coverage under the Starstone policy with respect to the Estate of Ganoe's claims only is wholly consistent with a *potential* judgment against Starstone declaring there is coverage with respect to the remaining claim of Bickford.

Further, the Estate of Ganoe has recognized the Starstone policy does not provide coverage for the claims arising out of the subject incident and has settled for the applicable primary (sub)limit of $25,000. *See* Ganoe Release [D.E. 81-10]. The Estate has executed a release in favor of Polynesian. *See id*. Given the settlement and release, Polynesian will not be seeking defense or indemnity for the Estate of Ganoe's claims.

The case law cited to in the R&R can be distinguished on the basis of the posture and specific facts of the present case, which do not present a risk for inconsistent rulings. Contrary to the case law cited to the in R&R, the defaulting defendant in the present case is not similarly situated with the non-defaulting defendants as the Estate of Ganoe has settled with Polynesian. The Estate is not seeking any sums from the excess Starstone policy.

*Colony Ins. Co. v. Carter*, Case no. CV-08-S-727-NE, 2011 WL 13229390 (N.D. Ala. 2011) (unpublished decision – Westlaw citation only), which was discussed and cited to by

5

Polynesian in its response in opposition to Starstone's Motion, *see* [D.E. 86] at 4-5, involved a declaratory judgment action wherein the court granted the carrier's motion for default judgment against the defaulting defendants while the other defendants continued to litigate the case. "The effect of the default judgment will be that those defendants are prohibited from any future efforts to assert a defense in this litigation." *Carter*, 2011 WL 13229390 at *10.

In the present case, the scope of the relief sought in Starstone's motion is limited as Starstone seeks a default judgment limited to the defaulting defendant – the Estate of Ganoe. The result of the default judgment will be that the Estate of Ganoe will be prohibited from asserting a defense in this litigation, and it will have no bearing on Polynesian or Bickford such that judgments will not and cannot be inconsistent.

WHEREFORE, for the foregoing reasons, Plaintiff Starstone respectfully objects Honorable Magistrate Thomas B. Smith's Report and Recommendation [D.E. 88] and requests an Order and Final Default Judgment against the Estate of Ganoe, consistent with its Motion [D.E. 79], along with all such other relief this Court deems just and proper under the circumstances.

Dated:  August 2, 2019

Respectfully submitted,

HINSHAW & CULBERTSON LLP
One East Broward Boulevard, Suite 1010
Fort Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024

By: */s/ Rory Eric Jurman*
    RORY ERIC JURMAN
    FBN.: 194646
    rjurman@hinshawlaw.com

    VIVIANA A. LOSHAK, ESQ.
    FBN.: 84869
    E: vloshak@hinshawlaw.com
    ***Attorneys for Starstone***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Viviana A. Loshak<br>
Viviana A. Loshak

## SERVICE LIST

CASE NO. 6:18-cv-01048-GAP-EJK

Todd Falzone
Karina Rodrigues
Kelley | Uustal
500 North Federal Highway, Suite 200
Fort Lauderdale, Florida 33301
Telephone: (954) 522-6601
Facsimile:  (954) 522-6608
trf@kulaw.com
kdr@kulaw.com
jody@kulaw.com
mheuman@kulaw.com
***Counsel for Andrew James Bickford***

Mark A. Nation, Esq.
Gregory D. Smartwood, Esq.
The Nation Law Firm
570 Crown Oak Centre Drive
Longwood, FL 32750
E-Mail: mnation@nationlaw.com;
gsmartwood@nationlaw.com
Telephone: (407) 337-1104
Facsimile: (407) 339-1118
***Attorney for Polynesian Inn, LLC DBA Days Inn of Kissimmee***

Scott Busby, Esq,
Busby, Negin Attorneys at Law
8200 Roberts Drive
Suite 201
Atlanta, GA 30350
E-Mail: busby@busbynegin.com
Telephone: (470) 275-3042
***Counsel for Andrew James Bickford***

9